Weygandt, C. J.
The facts are not in dispute and are supplied mainly by 13 stipulations of counsel.
On December 13, 1923, the defendant Capel and his late wife purchased the realty here involved. In part payment of the purchase price, they executed a note and mortgage. The note was payable in three years. It matured on December 13, 1926, but was not paid. The last credit on the note was dated August 6, 1932, in the amount of $25 which represented the sale price of a cow sold by the defendant Capel to the mortgagees.
This ejectment action was instituted by the plaintiffs on August 3, 1953. At that time nearly 21 years had elapsed since the last credit on the note, and hence an action thereon was barred by the 15-year statute of limitation, Section 11221, General Code (Section 2305.06, Revised Code). Likewise, the 21-year statute of limitation, Section 11219, General Code (Section 2305.04, Revised Code), barred an action on the unrefiled mortgage if the due date of the note, December 13, 1926, is controlling. However, the plaintiffs contend that the credit on the note on August 6, 1932, tolled the statute as to the mortgage, too, and that the new period of 21 years had not quite elapsed when the ejectment action was instituted on August 3, 1953. It is the contention of the defendant Capel that the due date of the note is controlling as to the unrefiled mortgage and that the credit on the note on August 6, 1932, did not toll the statute of limitation affecting the mortgage.
The defendant relies on the provisions of Section 11219, General Code, which read:
“An action to recover title to or possession of real property shall be brought within 21 years after the cause thereof accrued, but if a person entitled to bring such action, at the time the cause thereof accrues, is within the age of minority, of unsound mind or imprisoned, such person, after the expiration of 21 years from the time- the cause of action accrues, may *508 bring sncb action within ten years after such disability is removed.”
It is the defendant’s contention that under the requirements of this statute an action'in ejectment must be brought within 21 years after the cause accrued and that the only exceptions thereto are the three specifically mentioned in the statute, none of which is applicable here. He insists that this is a legislative matter and that the courts are without authority to create exceptions in addition to those permitted by the General Assembly. He contends that the 21-year statute began to run and has continued to run without interruption since the note matured on December 13,1926, irrespective of the credit on the note on August 6, 1932.
The plaintiffs rely on the provisions of Section 11223, General Code (Section 2305.08, Eevised Code), which read:
“If payment has been made upon any demand founded on a contract, or a written acknowledgment thereof, or a promise to pay it has been made and signed by the party to be charged, an action may be brought thereon within the time limited, after such payment, acknowledgment, or promise.”
However, by its express terms this statute is restricted in its effect to the 15-year limitation in Section 11221 and the 6-year limitation in Section 11222, and there is no implication that it is intended to be applicable to any other. But even if this statute were held applicable, the maximum extension would be 15 years, and this would fall nearly six years short of permitting this ejectment action to be brought. Mention is made, too, of the maxim that a mortgage follows the note it secures. However, even under that theory there is no enforceable note in the instant case for the mortgage to follow.
In view of the specific and unambiguous provisions of these statutes, this court is of the opinion that the credit on the note did not toll the statute of limitation on the unrefiled mortgage, and that hence the action in ejectment was barred 21 years after the due date of the note. The judgment of the Court of Appeals must be reversed and that of the Court of Common Pleas in favor of the defendant Capel affirmed.
The defendant raises a further question of the capacity of the plaintiffs to institute this action inasmuch as they claim to have acquired their interest by inheritance and by assignment *509 of the mortgage. However, it becomes unnecessary to discuss this second issue since the court’s view of the first question is dispositive of the controversy.

Judgment reversed.

Matthias, Hart, Zimmerman, Stewart, Bell and Taet, JJ., concur.